**Frances L. Febres, Esq.** (ID No. 018542012)
Cleary Giacobbe Alfieri Jacobs, LLC
169 Ramapo Valley Road – Upper Level Suite 105
Oakland, New Jersey 07436
Telephone: (973) 845-6700
Facsimile: (201) 644-7601
Attorneys for Respondent, Teaneck Township Board of Education

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **A.F. and A.F. o/b/o S.F.**<br><br>Plaintiff,<br><br>v.<br><br>**TEANECK TOWNSHIP BOARD OF EDUCATION**<br><br>Defendant. | Civil Action<br><br>**Case No.: 2:24-CV-08687-JXN-JSA**<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Respondent, the Teaneck Township Board of Education (the "Board" or "Respondent"), having administrative offices at 651 Teaneck Road Teaneck NJ 07666, by and through its counsel, hereby responds to Plaintiffs' Complaint as follows:

**JURISDICTION AND VENUE**

1. Admit solely that 20 U.S.C. 1415(i) authorizes appeals to the United States District Court from an underlying due process hearing. Deny the remaining allegations as Judge Guerrero specifically indicated that her ability to interpret or enforce the terms of the settlement agreement fell outside the scope of the due process hearing.

2. Admit.

3. Admit.

4. Admit solely that the venue is proper as Defendant has its office located in Teaneck, New Jersey. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations concerning "all of the events or omissions giving rise to Plaintiffs' claims," and therefore denies same and leaves Plaintiffs to their proofs.

## THE PARTIES

5. Admit in part, deny in part. Defendant admits that S.F. is a minor child acting by and through her parents, A.F. and A.F. Defendant is without sufficient information and knowledge to admit or deny why Plaintiff's address is omitted.

6. Admit.

## FACTUAL BACKGROUND

7. Deny.

8. Admit.

9. Admit in part, deny in part. Defendant admits to the extent that S.F. was unilaterally placed at the Shefa School. Defendant is without sufficient information and knowledge to admit or deny the parents' determination, and therefore denies the same and leaves Plaintiffs to their proofs.

10. Admit.

11. Admit.

12. Defendant neither admits nor denies the allegations in Paragraph 12 of Plaintiff's Complaint; the referenced document (2023-2024 settlement agreement) speaks for itself.

13. Admit solely that Petitioners contacted the Defendant on February 19, 2023 to conduct evaluations. Deny Petitioners' characterization of the email as the email and reference to IEP; the email speaks for itself.

14. Deny.

15. Deny.

16. Admit in part, deny in part. Admit that Defendant proposed touring several out-of-district programs that were being proposed by the Defendant as possible placements. Deny Plaintiffs' characterization of Defendant's rationale and allegation that the Defendant was solely suggesting tours and leave Plaintiffs to their proofs.

17. Deny.

18. Admit solely that Plaintiffs toured several out-of-district placements. Deny Plaintiffs' characterization that they made substantive comments; Defendant is without sufficient information and belief to admit or deny Plaintiffs' actual concerns and therefore denies same and leaves Plaintiffs to their proofs.

19. Deny.

20. Admit solely that a corrected letter was requested from the doctor to limit his opinion within his area of expertise of diagnosis and treatment of the student's ADHD and ODD, and not opine into matters outside of his expertise such as by making educational placement recommendations.

21. Admit that Ms. Morik spoke with the psychiatrist. Deny that she lied; Ms. Morik notified the psychiatrist that Plaintiffs are likely keeping S.F. at the Shefa School.

22. Admit that Ms. Morik acknowledged that Shefa School seemed appropriate at the time but not the only appropriate program for S.F.

23. Admit.

24. Admit in part, deny in part. Defendant is without sufficient information and knowledge to admit or deny what Plaintiffs heard about the Craig School. Defendant denies the

allegation that Ms. Morik never submitted documentation to any of the private schools to complete an application. Admitted that the Craig School rejected S.F.

25. Admit in part, deny in part. Defendant admits that Plaintiffs toured the Community School. Defendant admits that Ms. Morik did not find the Community School to be appropriate for S.F. Defendant denies that Ms. Morik testified that she did not feel it necessary to contact Mr. A.F. and explain her thoughts on the matter.

26. Admit in part, deny in part. Defendant admits that Mr. A.F. toured the Banyan School and indicated that it seemed like a poor fit. The remainder of Paragraph 26 is denied. This is a mischaracterization of what occurred. Banyan invited S.F. to attend the intake, but Mr. A.F. declined to bring S.F. because S.F. had only a few days left of school.

27. Deny. Plaintiffs were offered to tour the school during the summer program but elected to attend a virtual information meeting instead.

28. Admit in part, deny in part. Defendant admits that Plaintiffs rejected the IEP. Denied that Plaintiffs indicated a willingness to see if any of the programs could work, but required a response to their concerns. Defendant denies the remainder of Paragraph 28; Defendant denies Plaintiffs' feelings and leaves Petitioners to their proofs.

29. Admit. Ms. Morik is a ten-month employee and the Extended School Year child study team took over, which included Dr. Thielman.

30. Deny.

31. Admit that Dr. Thielman had not emailed Plaintiffs following the July 7, 2023 email, though they never reached out to Dr. Thielman following their vacation as they indicated they would. Instead, they unilaterally placed S.F. at the Shefa School in June.

32. Defendant is without sufficient knowledge and information to admit or deny whether Plaintiffs received a phone call from the Director of Admissions at Winston and therefore, denies same and leaves Plaintiffs to their proofs.

33. Admit in part, deny in part. Defendant admits that Ms. Morik testified that upon receiving parent concerns, it would have been her practice to try to locate additional schools for S.F. Defendant denies that Ms. Morik testified that since she left for the summer, it was not her responsibility since Ms. Morik did identify additional schools for S.F. after Plaintiffs rejected the Banyan and Community Schools, and after Craig rejected S.F.

34. Admit that S.F. was ultimately not admitted into an out-of-district placement because Plaintiffs rejected proposed placements and did not pursue S.F.'s admission.

35. Deny.

36. Defendant denies that it violated the Agreement and ignored its obligations under the IDEA and New Jersey Law. Defendant is without sufficient knowledge and information to admit or deny Plaintiffs' motivation for filing a due process proceeding with OSEP and therefore denies same and leaves Plaintiffs to their proofs.

37. Deny.

38. Admit.

39. Admit that post hearing briefs were submitted. Deny that attachments, other than the Civil Cover Sheet, were filed with the Complaint.

40. Deny that attachments, other than the Civil Cover Sheet, was filed with the Complaint.

41. Deny that attachments, other than the Civil Cover Sheet, was filed with the Complaint.

42. Deny that attachments, other than the Civil Cover Sheet, was filed with the Complaint.

**COUNT ONE (Appeal pursuant to IDEA)**

43. Defendant's responses to the foregoing allegations are incorporated by reference as if fully set forth herein.

44. Deny.

45. Deny. Judge Guerrero did not refuse to rule on the breach of settlement agreement issue. Judge Guerrero stated the following pertaining to the settlement agreement issue, "I am without authority to interpret or enforce the agreement, including its terms concerning S.F.'s placement." The remainder of Paragraph 45, as to the Plaintiff's breach of settlement claims, is not an allegation of fact to which Defendant may admit or deny.

46. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

47. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

48. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

49. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

50. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

51. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

52. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

53. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

54. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit

or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

55. Deny Plaintiffs' characterization of Judge Guererro's findings and rationale. The decision speaks for itself. Defendant is without sufficient knowledge and information to admit or deny any allegations that extend beyond the written decision, and therefore denies same and leaves Plaintiffs to their proofs.

56. Deny.

**COUNT TWO (Breach of the Settlement Agreement)**

57. Defendant's responses to the foregoing allegations are incorporated by reference as if fully set forth herein.

58. Defendant neither admits nor denies the allegations in Paragraph 58 of Plaintiff's Complaint; the referenced document (2023-2024 settlement agreement) speaks for itself.

59. Defendant neither admits nor denies the allegations in Paragraph 59 of Plaintiff's Complaint; the referenced document (2023-2024 settlement agreement) speaks for itself.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Defendant is without sufficient knowledge and information to admit or deny what "work on the matter" it had an obligation to do and therefore denies same and leaves Plaintiffs to their proofs.

67. Deny.

68. Deny.

**PRAYER FOR RELIEF**

Wherefore, the answering Defendant respectfully requests that judgment is entered affirming Judge Guererro's Final Decision; dismissing, with prejudice, all of Plaintiffs' claims asserted against Defendant; awarding attorney's fees, interest, cost of suit and any other remedy the Court deems just and appropriate to Defendant including, but not limited to, attorney's fees afforded to prevailing parties under the Individuals with Disabilities Education Act ("IDEA"); and for such other and further relief as the District Court Judge deems just and proper.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint is barred by the applicable Statute of Limitations.

3. The Complaint is barred, in whole or in part, by the doctrine of Election of Remedies.

4. The Complaint is barred by virtue of the doctrines of waiver, equitable estoppel, collateral estoppel, res judicata, entire controversy and/or laches.

5. Plaintiffs' Complaint is barred by virtue of insufficiency of process and insufficiency of service of process.

6. Plaintiffs' Complaint is barred by virtue of lack of subject-matter jurisdiction.

7. Plaintiffs' Complaint is barred by virtue of lack of personal jurisdiction.

8. Plaintiffs' Complaint is barred by virtue of improper venue.

9. The Complaint is barred by the doctrine of unclean hands.

10. Plaintiffs failed to exhaust administrative remedies.

11. Plaintiffs failed to mitigate their alleged damages.

12. Defendant says that any damages suffered by Plaintiffs as a result of the circumstances plead in Plaintiffs' Complaint were the direct result of Plaintiffs' failure to take reasonable action to prevent damages.

13. At all times relevant hereto, Defendant complied with all federal, state and local statutes, regulations and/or ordinances in effect.

14. Defendant is not liable for punitive damages.

15. Plaintiffs are not entitled to an award of attorney's fees as to any of the statutory claims set forth in the Complaint, as Plaintiffs will not be the prevailing party as to these claims.

16. Plaintiffs did not raise before the A.L.J. any claim against the Board under the Rehabilitation Act of 1973 or the Americans with Disabilities Act and as such, Plaintiffs failed to exhaust administrative remedies as to such claims, and the Court may not assert subject matter jurisdiction over them.

17. At all times relevant to this matter, the Board has complied with the requirements of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et. seq., and corresponding State law in providing, at all times, a free and appropriate public education in the least restrictive environment appropriate for C.S.'s needs. Accordingly, Plaintiffs' Complaint should be dismissed and relief denied to Plaintiffs.

18. The Board's proposed program and placement was appropriate for S.F. and therefore any claims in the instant Complaint that the Board's program and/or related services are inappropriate are without merit.

19. The IEP Team proposed an appropriate, reasonably calculated IEP for S.F. based on the data and information available. The proposed IEP provided a FAPE in the LRE and was reasonably calculated to allow S.F. the opportunity to make meaningful progress towards her individualized goals and objectives.

20. Plaintiffs are seeking to continue to unilaterally dictate S.F.'s program and placement. Decisions regarding a student's educational program, placement, and services are made by the IEP team, of which a parent is one member. The IEP team, consisting of District professionals and the parents, is not obligated to accede to a parent request for a particular program or placement.

21. The Board is entitled to reimbursement of attorney's fees pursuant to 20 U.S.C. 1415(i)(3)(B) and 34 C.F.R. §300.517.

22. To the extent Plaintiffs are seeking reimbursement of cost for S.F.'s private school placement, recovery is barred and/or limited by 34 C.F.R. §300.148 and N.J.A.C. 6A:14-2.10, and therefore Plaintiffs' request for relief must be denied and/or reduced pursuant thereto.

23. Plaintiffs have not attempted to work in a collaborative and cooperative manner with the Board, warranting the denial of reimbursement under N.J.A.C. 6A:14-2.10(c). Additionally, Plaintiffs have unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Board in a timely manner.

24. Plaintiffs have demonstrated bad faith, failure to collaborate with the District, and unreasonable demands and actions. Plaintiffs are not only undermining the collaborative working

relationship between parents and the District as envisioned by the IDEA but have acted in bad faith, and in such an unreasonable manner that as a matter of fact and law this case warrants a determination that no relief is available.

25. Plaintiffs have provided insufficient supporting evidence for the positions asserted within the Complaint.

26. Plaintiffs are estopped by their own actions or omissions from asserting claims. Plaintiffs have failed to make a sincere attempt to resolve the issues in dispute before they resorted to litigation. Moreover, Plaintiffs have obstructed and frustrated the Board's educational efforts. Reimbursement should be denied pursuant to N.J.A.C. 6A:14-2.10.

27. Plaintiffs' Complaint should be dismissed because Defendant and its agents at all times relevant acted in a manner which was proper, reasonable, and in the exercise of good faith, without malice, and had reasonable grounds for believing their actions complied with all applicable laws, regulations, and Board policy.

28. Any relief to which Plaintiffs might otherwise be entitled is subject to limitations as contained in 20 U.S.C.A. §1415 and N.J.A.C. 6A:14.

29. The Board reserves the right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

30. The Board hereby reserves the right to amend this Answer based upon discovery.

**RESERVATION OF RIGHTS**

Defendant reserves the right, at or before the hearing, to move to dismiss Plaintiffs' Complaint, in part or in whole, for failure to state a claim and/or summary decision, or for any other motion provided for by the Court Rules and the New Jersey Rules of Evidence.

**DESIGNATION OF TRIAL ATTORNEY**

Frances L. Febres, Esq. is hereby designated as trial counsel for Defendants in the within matter.

**CLEARY GIACOBBE ALFIERI JACOBS LLC**
Attorneys for Respondent

By:____________________________________
Frances L. Febres, Esq.

Dated: November 5, 2024

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

I, Frances L. Febres, Esq., counsel for Defendant, in accordance with Loc. Civ. R. 11.2, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

**CLEARY GIACOBBE ALFIERI JACOBS LLC**
Attorneys for Respondent

By:________________________________________
Frances L. Febres, Esq. (Attorney ID #018542012)
169 Ramapo Valley Road, Suite 201
Oakland, New Jersey 07436
Telephone: (973) 845-6700
Facsimile: (201) 644-7601
Attorneys for Respondent, Teaneck Township Board of Education

Dated: November 5, 2024